IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Young, | ) | Case No.: 2:20-cv-03550-JD-MGB |
|           Petitioner, | ) | |
| vs. | ) | **ORDER & OPINION** |
| Director of the Florence County Detention Center, | ) | |
|           Respondent. | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] At the time of the Petition, Christopher Young ("Petitioner" or "Young") was a pretrial detainee housed in Florence County Detention Center. Young, proceeding *pro se* and *in forma pauperis*, brings this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.[2] (DE 11, p. 1.) Young alleges that his pending charges in State Court should be dismissed, or that he should be given an immediate trial date because his Sixth Amendment right to a speedy trial has

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] As explained in a prior order (DE 9), the "Director of Florence County Detention Center" has been substituted as Respondent.

1

been violated.³ (DE 11, p. 3.) At the time of the Petition, none of Petitioner's criminal cases had been scheduled for trial.

According to a letter written to Petitioner on April 14, 2020, by his Assistant Public Defender Tamara Greer, Petitioner has not been given a trial date due to the Covid-19 pandemic and two Orders issued by the South Carolina Supreme Court, order numbers 2020-03-18-02 and 2020-04-03-01, the latter of which provides "all jury selections and jury trials in all criminal and civil cases are continued until further notice." (DE 11, p. 2.) Nevertheless, after sending multiple letters to judicial officials requesting a trial date and complaining about the delay in scheduling, Petitioner has filed the present case in the District of South Carolina. The Report recommends dismissal of this case because, under the Younger abstention doctrine, Petitioner is not eligible for federal habeas corpus relief at this time because he has not given the State Courts an adequate opportunity to consider the constitutional claims that he is attempting to raise on the merits in this case. See Younger v. Harris, 401 U.S. 37 (1971) (holding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances). For the reasons set forth herein, the Court adopts the Report and Recommendation and dismisses Young's Petition.

Although Petitioner has filed an objection to the Report (DE 17), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94

---

³ At the time Report was filed, Petitioner had six outstanding charges for *inter alia* assault and battery, kidnapping, and common law robbery with the case numbers of 20193690020917, 2019A2110200171, 2019A2110400011, 2019A2110400012, 2019A2110400013, and 019A2110400014. These cases are based on arrests that occurred between March 17, 2019, and June 21, 2019. (DE 11, p. 2.)

2

& n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the Report contending *inter alia* that this Court has jurisdiction to hear his claims based on 28 U.S.C.A. § 1367, 28 U.S.C.A. § 1331, and 28 U.S.C.A. § 1343. (DE 17, p. 2.) Plaintiff misconstrues the Report because it does not recommend dismissal due to a lack of jurisdiction. Rather the Report recommends dismissal under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971); see also, Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (holding a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances.") Therefore, the Court overrules this objection and Petitioner's remaining objections because they address the merits of his Petition rather than the Report. Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and incorporates it herein and dismisses Young's Petition.

It is, therefore, **ORDERED** that the Petition is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

                                                                    _____
                                                                    Joseph Dawson, III
                                                                    United States District Judge

Charleston, South Carolina
September 23, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.